# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ALEXANDER THOMPSON, | * | |
| | * | No. 13-005V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: September 23, 2014 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs, interim |
| | * | award, amount which is not disputed. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Michael A. Baseluos, Esq.,Baseluos Law Firm, San Antonio, TX , for petitioner;
Julia W. McInerny, Esq., United States Department of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[*]

Alexander Thompson claims that the influenza ("flu") vaccine caused him to Guillain Barré Syndrome ( "GBS"). Mr. Thompson seeks compensation pursuant to the National Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 et seq. (2006). His case remains pending.

Mr. Thompson is now awarded, on interim basis, attorneys' fees and costs in the total amount of **$2,525.00**. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

---

[*] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).

All decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to delete such information before the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access. 42 U.S.C. § 300aa–12(d)(4); Vaccine Rule 18(b).

On September 18, 2014, Mr. Thompson filed a motion for an award of interim attorneys' fees and reimbursement of costs, seeking a total of $2,525.00. On September 22, 2014, Respondent filed a joint stipulation stating that the parties have agreed on an amount for interim attorney's fees and costs to be awarded to Ms. Thompson and to which respondent will not object.

Regardless of whether they entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that Mr. Thompson fails to satisfy this standard. Thus, Mr. Thompson is entitled to an award of attorneys' fees and costs.[1]

After a determination that Mr. Thompson is entitled to an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the requested amount is reasonable. Therefore, Mr. Thompson is awarded the amount to which respondent did not object. This decision awards Mr. Thompson all the attorneys' fees and costs through the date of his application.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor. Those fees and costs are awarded as follows:

**A.** **A lump sum payment of $2,525.00, in the form of a check payable to petitioner and petitioner's counsel of record, Michael Baseluos of Baseluos Law Firm.**

The Clerk shall enter judgment accordingly.[2] The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[1] The finding that the petition was supported by good faith and reasonable basis is not intended to suggest whether Mr. Thompson is entitled to compensation.

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.